UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60647-CIV-COHN/WHITE
(Case No. 09-60229-CR-COHN)

JAY ANTHONY RICHITELLI,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, SUSTAINING MOVANT'S OBJECTIONS, AND REFERRING THE PETITION BACK TO THE HONORABLE PATRICK A. WHITE FOR AN EVIDENTIARY HEARING AND ADDITIONAL REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 14] of Magistrate Judge Patrick A. White to Movant Jay Anthony Richitelli's Motion to Vacate, Set Aside Or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to Vacate"). The Court has reviewed *de novo* the Motion to Vacate, Magistrate's Report and Recommendation ("Report"), Movant's Objections to Report of Magistrate Judge [DE 15] ("Objections"), the record in the case, and is otherwise advised in the premises.

Following a jury trial, Movant was convicted of conspiracy to commit a Hobbs Act robbery (Count 1), attempting a Hobbs Act robbery (Count 2), conspiring to use and carry a firearm during and in relation to a crime of violence (Count 3), carrying a firearm during and in relation to a crime of violence (Count 4), and possessing a firearm as a convicted felon (Count 5). Movant was thereafter sentenced to life on Counts 1 and 2, 240 months on Count 3, 180 months on Count 6, and 60 months on Count 4, to run

consecutive to the other counts.  Movant appealed and the Eleventh Circuit affirmed his conviction and sentence.  See United States v. Richitelli, 420 F. App'x 861 (11th Cir. 2011).  Movant has now filed the instant Motion to Vacate which asserts various claims for ineffective assistance of counsel against his trial attorney, David Tucker.  Movant also alleges that Mr. Tucker operated under an actual conflict of interest.

Judge White recommends denial of the Motion to Vacate without an evidentiary hearing because "the claims raised are unsupported by the record or without merit." Report at 25.  In his Objections, Movant contends that he is entitled to an evidentiary hearing.  Objections at 2.  He also objects to the Report's failure to discuss an affidavit from his former trial attorney, David Tucker, which was filed on the record, but is not mentioned in the Report.  Id. at 1.

An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "[T]o be entitled to an evidentiary hearing, a [movant] need only *allege*-not prove-reasonably specific, non-conclusory facts that, if true, would entitle him to relief.  If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing."  Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 2002) (emphasis in original).  "[C]ontested  fact[ual] issues in § 2255 cases must be decided on the basis of an evidentiary hearing, not affidavits."  Montgomery v. United States, 469 F.2d 148, 150 (5th Cir.1972).[1]

---

[1] The decisions of the former United States Court of Appeals for the Fifth Circuit issued before September 30, 1981, are binding precedent in the Eleventh

2

To prevail on an ineffective assistance of counsel claim, a defendant must establish that (1) his counsel's performance was deficient and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In support of his claims that his counsel was ineffective, Movant has provided an affidavit from his former attorney David Tucker.  See Affidavit of David K. Tucker, Esq. [DE 6-2] ("Tucker Affidavit").  The Tucker Affidavit addresses the ineffective assistance of counsel claims raised in the Motion to Vacate namely: (1) failure to allow Movant to testify; (2) failure to call any witnesses to testify and failure to properly cross-examine government witnesses; and (3) failure to explore an insanity defense.  The Court finds that the Tucker Affidavit raises disputed factual issues as to Movant's ineffective assistance of counsel claims.  Accordingly, the Court agrees with Movant that he is entitled to an evidentiary hearing on these claims.  See Rizo v. United States, 446 F. App' x 264, 266 (11th Cir. 2011) ("Petitioner contends that his trial counsel was ineffective for failing to interview or call alibi witnesses who would have testified that he was not present at the scenes of the crimes charged, thereby affecting the trial's outcome. After examining the affidavits attached to petitioner's motion and the trial transcript, we cannot agree with the district court that the affidavits and transcript, considered as a whole, conclusively establish that counsel's failure to pursue the potential alibi witnesses did not prejudice petitioner's defense. We therefore vacate the district court's judgment and remand the case with the instruction that the court hold an evidentiary hearing on petitioner's ineffective assistance claim.").

---

Circuit.  Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Finally, the Court notes that the Tucker Affidavit does not address Movant's claim that his trial counsel had a conflict of interest at the time he represented him. The Court agrees with Judge White that Movant has failed to present any evidence, other than his own conclusory statements, that Mr. Tucker was afraid of him. See Report at 22-24. Accordingly, the Court will adopt the Report as it relates to Movant's conflict of interest claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 14] is **ADOPTED IN PART** as it relates to Movant's conflict of interest claim only;

2. Movant's Objections [DE 15] are hereby **SUSTAINED**; and

3. The Motion to Vacate Sentence [DE 1] is **REFERRED BACK** to Judge White to conduct an evidentiary hearing and for a supplemental report and recommendation on Movant's ineffective assistance of counsel claims, as detailed above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of March, 2013.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.